## MILES v. CARAKER.

Opinion delivered March 25, 1907.

DEPOSITIONS—SERVICE OF NOTICE UPON ATTORNEY.—Under Kirby's Digest § 6275, providing that "where a party to an action does not reside in the county in which it is pending, a notice to him to take depositions may be served by delivering a copy thereof to his attorney," service of the notice upon the attorney is authorized only when the party represented by him does not reside in the county in which the action is pending.

Appeal from Greene Circuit Court; *Allen Hughes,* Judge; reversed.

*Johnson & Huddleston,* for appellants.

Appellants, being residents of the county in which the action was pending, the notice to take depositions should have been served upon them. Service of the notice on their attorneys was not a compliance with the statute. Kirby's Dig. § § 3166 to 3169, inclusive; *Ib.* § 6273. Where a statute requires service on a person, it means personal service unless some other mode is specified. 18 Barb. 393; 25 Barb. 635; 13 Hun, 211. Section 6274, Kirby's Digest, is not applicable in this case. A notice to take depositions is not a "motion or proceeding in court or before a judge," within the meaning of that statute. 60 Ark. 155; 2 Ark. 229; 27 Ark. 353; 22 Ark. 369; 22 Pac. 820; 10 L. R. A. 790; 46 Atl. 202.

*W. W. Bandy,* for appellee.

A statute should be so expounded that not only every clause, but every word, shall have some operation and effect. 1 A. K. Marsh. (Ky.) 40; 17 Ark. 608. See further on construction of statutes, 22 Ark. 369; 24 Ark. 155; 27 Ark. 419; 28 Ark. 200; 29 Ark. 354; 32 Ark. 462. When read in connection with section 6273, Kirby's Digest, the necessary inference to be drawn from section 3169, *Id.* is that if both the adverse party and his attorney, or either, reside in the county where the suit is pending, service of notice on either is sufficient. Unless personal service on the adverse party is expressly required, service on the attorney is sufficient. 13 Cyc. 874; Kirby's Dig. § 6274; 7 Ark. 470.

BATTLE, J. Caraker brought this action against Archibald Miles and others in the circuit court of Greene County. Defend-

ants were residents of that county. Notice by plaintiff to defendants that he would take depositions was served upon the attorneys of the defendants. The depositions were taken upon this notice. Defendants moved to quash them (depositions) because the notice was not served upon them. The court overruled the motion. The materiality of the depositions as evidence is unquestioned. In the trial of the cause the depositions were read as evidence. Plaintiff recovered judgment, and the defendants appealed.

The only question in the case is, was the notice properly served? Section 3168 of Kirby's Digest provides: "Where the notice is to be given to the adverse party, it may be served as the summons in the action is authorized to be served." The summons in the action is authorized to be served by delivering a copy to the defendant. Section 6275 provides: "Where a party to an action does not reside in the county in which it is pending, a notice to him to take depositions may be served by delivering a copy thereof to his attorney." The service of the notice upon the attorney is authorized only when the party to whom it is given does not reside in the county in which the action is pending. The service in this case should have been served upon the defendants, they being residents of the county in which the action was pending. The court erred in overruling the motion to quash.

Judgment reversed, and cause remanded for a new trial.